NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD SISCO II, | No. 16-15680 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02386-RM-BGM |
| v. | |
| YOLANDA LOYA, in an individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted May 10, 2017[**]
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and WILKEN,[***] Senior District Judge.

Ronald Sisco appeals from the district court's grant of summary judgment to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

defendants Yolanda Loya, Joseph Mason, and Fernando Loya ("defendants") on Sisco's 42 U.S.C. § 1983 action alleging that defendants were state actors when they attempted to evict him from the property they owned. As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

Sisco argues that defendants "prevented [him] from gaining access to his residence, which deprived him of his property rights without due process, and in so doing, they violated his rights under the 14th Amendment." Here, the key issue is whether state actors caused any deprivation. "Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983).

The two factual ambiguities which Sisco offers as evidence that defendants were acting "under color of state law" do not create a genuine issue of material fact. There are numerous undisputed facts that indicate that the police were not acting in conspiracy with defendants. At every interaction, officers told both parties that their dispute was civil and to seek legal counsel instead of calling the police. Both parties were told to leave the area, "back off," or "shut up." And, Fernando put a lock on the premises with no police assistance. Accordingly, Sisco's assertion that the district court improperly construed ambiguous facts in

_____

[1] While without merit, Sisco's appeal is not frivolous pursuant to Federal Rule of Appellate Procedure 38.

2

favor of the moving parties does not preclude summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]").

Furthermore, the district court addressed Sisco's argument that defendant Yolanda Loya "held herself out to be an FBI agent" and thus was acting "under color of law." It recognized that *Howerton*, 708 F.2d at 383, held that "there is no specific formula for defining state action. The extent of state involvement remains a factual inquiry." Here, the district court conducted the proper inquiry. Based on the fact that defendant Fernando Loya changed the locks himself and the police were called on multiple occasions by both parties, the court held that "Defendants Loya and Mason were not state actors for purposes of § 1983." Accordingly, the district court did not err by holding that defendants were not state actors and thus could not be liable under § 1983.

**AFFIRMED**.